■ In the Matter of 1963 ELMWOOD AVENUE, INC., Respondent, v JOSEPH TANZELLA, as Commissioner of Assessment of City of Buffalo, et al., Appellants. [598 NYS2d 414] —Judgment unanimously reversed on the law with costs, motion granted and petition dismissed. Memorandum: In 1991 petitioner, 1963 Elmwood Avenue, Inc., sought abatement of property taxes that had been assessed for the 1989-1990 tax year, before petitioner acquired the property. Petitioner sought abatement on the ground that it had created a public benefit to the City of Buffalo and Erie County by its "demolition and clearance of this dilapidated property." By resolution 118, the City of Buffalo Common Council absolved petitioner of its tax liability for that year, determining that the owners of that property "conferred a genuine public benefit upon the City of Buffalo by their actions in removing dilapidated buildings and clearing the site of Atlas Steel at no cost to the City of Buffalo." The Commissioner of Assessment refused to clear the tax roll on the ground that the City's Corporation Counsel advised him that he was not empowered to do so. Petitioner commenced this proceeding, asserting that it had conferred a public benefit on the City and that the City failed to perform its statutory duty to comply with the resolution. The court denied respondents' motion to dismiss and granted the petition.

The court erred in denying respondents' motion to dismiss

the petition. Resolution 118 violates article VIII, § 1 of the New York State Constitution, which provides in relevant part that no city shall give or loan any money or property to or in aid of any private corporation. Pursuant to that section, a municipality must have either a legal or an equitable obligation to pay public funds *(Matter of Antonopoulou v Beame,* 32 NY2d 126; *City of Rochester v Chiarella,* 98 AD2d 8, *affd* 63 NY2d 857). There is no contention here that the City owed a legal obligation to petitioner. Petitioner contends, however, that the City had an equitable obligation to forgive the taxes at issue based on the public benefit conferred on the City by the cleanup of the property. That contention lacks merit. Petitioner, as owner of the property, had a duty to maintain the property in a safe and sanitary condition *(see,* Buffalo Code §§ 113-5, 341-1). Any incidental benefit to the City arising from petitioner's unilateral act in clearing the property for its own purposes does not create an equitable duty on the part of the City to forgive taxes retroactively *(see, Ausable Chasm Co. v State of New York,* 266 NY 326, 331-332). (Appeal from Judgment of Supreme Court, Erie County, Cosgrove, J.—Article 78.) Present—Denman, P. J., Pine, Balio, Fallon and Boehm, JJ.